| | |
|---|---|
| Ditech Financial LLC; Federal National Mortgage Association,<br><br>Plaintiffs<br><br>v.<br><br>Resources Group, LLC, as Trustee of the Reber Dr. Trust,<br><br>Defendant | Case No.: 2:17-cv-01823-JAD-CWH<br><br>**Order Granting in Part Motions to Dismiss and for Summary Judgment**<br><br>[ECF Nos. 28, 36] |

Nevada law holds that a properly conducted nonjudicial foreclosure sale by a homeowners' association to enforce a superpriority lien extinguishes the first deed of trust. But when that deed of trust belongs to government-sponsored lender Fannie Mae, and the foreclosure sale occurs while Fannie Mae is under the conservatorship of the Federal Housing Finance Agency and without the agency's consent, federal law shields that security interest from extinguishment.

Fannie Mae and its loan servicer Ditech Financial LLC bring this quiet-title action to determine the effect of a 2015 nonjudicial foreclosure sale on the deed of trust securing the mortgage on a home. Because they have shown that the Federal Foreclosure Bar prevented that sale from extinguishing the deed of trust, I grant summary judgment in their favor on their quiet-title claim that is based on that theory. But because their other quiet-title theory—that Nevada's statutory foreclosure scheme was unconstitutional—fails as a matter of law, I grant the foreclosure-purchaser defendant's motion to dismiss that claim.

**Background**

The Federal National Mortgage Association, better known as Fannie Mae, who has been under the conservatorship of the Federal Housing Finance Agency (FHFA) since 2008, purchased the mortgage on the home located at 254 Reber Drive in Mesquite, Nevada, in August of 2006, along with the deed of trust that was securing it.[1] The deed of trust has been assigned several times to various servicing agents as Fannie Mae's nominees.[2] The home is located in the Grapevine Villas common-interest community and subject to the Grapevine Villas Homeowners' Association's declaration of covenants, conditions, and restrictions, which requires the owners of homes within this development to pay assessments.[3]

The Nevada Legislature gave homeowners associations (HOAs) a superpriorty lien against residential property for certain delinquent assessments and established in Chapter 116 of the Nevada Revised Statutes a non-judicial foreclosure procedure for HOAs to enforce that lien.[4] When the owners of the Reber Drive home fell behind on assessments, the Grapevine Villas HOA sold it to the Reber Drive Trust in such a nonjudicial foreclosure sale on March 18, 2015.[5]

As the Nevada Supreme Court held in *SFR Investments Pool 1 v. U.S. Bank* in 2014, because NRS 116.3116(2) gives an HOA "a true superpriority lien, proper foreclosure of" that lien under the non-judicial foreclosure process created by NRS Chapters 107 and 116 "will

---

[1] ECF No. 37-3 at 3.

[2] See ECF No. 37-4 at 2.

[3] ECF No. 37-1 at 22 (PUD rider).

[4] Nev. Rev. Stat. § 116.3116; *SFR Investments Pool 1 v. U.S. Bank*, 334 P.3d 408, 409 (Nev. 2014).

[5] ECF No. 37-7 (Notice of Default and Election to Sell); ECF No. 37-8 (Notice of Trustee's Sale). I take judicial notice of all recorded documents in the record.

extinguish a first deed of trust."[6] But the Federal Foreclosure Bar in 12 U.S.C. § 4617(j)(3) creates an exception to that rule.[7] This safeguard is contained in the Housing and Economic Recovery Act (HERA, codified at 12 U.S.C. § 4511 et seq.), which went into effect in 2008, established the FHFA, and placed Fannie Mae under that agency's conservatorship.[8] Under HERA's Federal Foreclosure Bar, when Fannie Mae is the beneficiary of the deed of trust at the time of the foreclosure sale and Fannie Mae is under the conservatorship of the FHFA, the deed of trust is not extinguished and instead survives the sale unless the agency affirmatively relinquishes that interest.[9]

Fannie Mae and its loan servicer Ditech Financial LLC filed this action against the foreclosure-sale buyer, asserting quiet-title claims based on two independent theories: (1) the Federal Foreclosure Bar prevented the foreclosure sale from extinguishing the deed of trust, and (2) the sale did not extinguish the deed of trust because Nevada's HOA foreclosure scheme was unconstitutional.[10] These claims are the type of quiet-title claim recognized by the Nevada Supreme Court in *Shadow Wood Homeowners Association, Inc. v. New York Community Bancorp*—actions "seek[ing] to quiet title by invoking the court's inherent equitable jurisdiction to settle title disputes."[11] The resolution of such a claim is part of "[t]he long-standing and broad

---

[6] *SFR*, 334 P.3d at 419.

[7] *See Berezovsky v. Moniz*, 869 F.3d 923, 927 n.1 (9th Cir. 2017).

[8] *Berezovsky*, 869 F.3d at 925.

[9] *Id.* at 933; *Saticoy Bay LLC Series 9641 Christine View v. Fed. Nat'l Mortg. Ass'n*, 417 P.3d 363, 368 (Nev. 2018) ("Because Fannie Mae was under the FHFA's conservatorship at the time of the homeowners' association foreclosure sale, the Federal Foreclosure Bar protected the deed of trust from extinguishment.").

[10] ECF No. 8.

[11] *Shadow Wood Homeowners Ass'n, Inc. v. New York Cmty. Bancorp*, 366 P.3d 1105, 1110–1111 (Nev. 2016).

inherent power of a court to sit in equity and quiet title, including setting aside a foreclosure sale if the circumstances support" it.[12]

Fannie Mae and Ditech move for summary judgment, arguing that the Federal Foreclosure Bar prevented the deed of trust from extinguishment.[13] The Trust opposes the motion[14] and also moves to dismiss this action.[15] I find that Fannie Mae and Ditech have established that they are entitled to quiet-title relief based on the Federal Foreclosure Bar, so I grant summary judgment in their favor on that claim. But because their theory that Nevada's HOA foreclosure scheme was unconstitutional before its amendment in October 2015 has been squarely rejected as a matter of law, I grant the Trust's motion to dismiss that remaining claim and close this case.

## Discussion

**A.      Fannie Mae and Ditech's Motion for Summary Judgment [ECF No. 36]**

### *1.      Legal standard*

Summary judgment is appropriate when the pleadings and admissible evidence "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[16] When considering summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party.[17] If reasonable minds could differ on material facts, summary judgment is inappropriate because its purpose is to avoid unnecessary

---

[12] *Id*. at 1112.
[13] ECF No. 36.
[14] ECF No. 40.
[15] ECF No. 28.
[16] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing FED. R. CIV. P. 56(c)).
[17] *Kaiser Cement Corp. v. Fishbach & Moore, Inc*., 793 F.2d 1100, 1103 (9th Cir. 1986).

trials when the facts are undisputed, and the case must then proceed to the trier of fact.[18] If the moving party satisfies Rule 56 by demonstrating the absence of any genuine issue of material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts showing that there is a genuine issue for trial."[19] "To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."[20]

### 2. *Fannie Mae is entitled to summary judgment on its Federal Foreclosure Bar-based quiet-title claim*.

Fannie Mae has demonstrated through its motion and supporting materials that it is entitled to summary judgment on its first quiet-title claim based on the Federal Foreclosure Bar. In *Berezovsky v. Moniz*, the Ninth Circuit held that "the Federal Foreclosure Bar supersedes the Nevada superpriority lien provision,"[21] preventing a non-judicial foreclosure sale under NRS Chapter 116 from extinguishing a Fannie Mae deed of trust while this lender is under agency conservatorship. So, the question for me to decide on summary judgment is whether Fannie Mae has shown that its interest in this property was protected from the legal effect of NRS 116.3116 by the Federal Foreclosure Bar.

The record supports that conclusion, leaving no genuine issue of material fact. There is no dispute that Fannie Mae was under the agency's conservatorship in 2015. The Trust does dispute, however, whether Fannie Mae has established that the deed of trust belonged to it at the

---

[18] *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995); *see also Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

[19] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 323.

[20] *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018).

[21] *Berezovsky*, 869 F.3d at 931.

time of the foreclosure sale. Fannie Mae offers the affidavit of its Assistant Vice President Graham Babin and corroborating documents to show that Fannie Mae had a valid and enforceable deed of trust on the property at the time of the sale.[22] The Trust contends that Babin has not shown he is "competent to authenticate" the computer records on which his declaration that Fannie Mae owned the deed of trust is based,[23] but I find that Babin's declaration sufficiently establishes his familiarity with Fannie Mae's recordkeeping system and the authenticity of the printouts to lay the foundation required by Federal Rule of Evidence 902(11). And it establishes—with no contradictory evidence from the Trust—that the security interest on this property belonged to Fannie Mae at the time of the 2015 foreclosure sale, as it does today.[24] Although the deed of trust is held in the name of Ditech (formerly known as Green Tree Servicing LLC), Fannie Mae's documents (including its Single-Family Seller/Servicer Guide[25]) also show that Ditech is merely its agent for loan-servicing purposes and that the beneficial interest belongs to Fannie Mae.[26]

There is also no evidence in the record that the agency consented to the extinguishment of Fannie Mae's security interest.[27] The Trust argues that the court should imply consent because the agency has failed to develop and adopt a process for third parties to seek its

---

[22] *See* ECF No. 37-3.
[23] ECF No. 40 at 11.
[24] ECF No. 37-3 at ¶¶ 4–12.
[25] ECF No. 37-3 at 24.
[26] *See also Berezovsky*, 869 F.3d 932 (recognizing that "Nevada law thus recognizes that, in an agency relationship, a note owner remains a secured creditor with a property interest in the collateral even if the recorded deed of trust names only the owner's agent," and concluding that "[a]lthough the recorded deed of trust here omitted Freddie Mac's name, Freddie Mac's property interest is valid and enforceable under Nevada law").
[27] *Id*.

consent.[28] But nothing in the statute supports the notion that the FHFA should be stripped of its consent right if it fails to timely adopt a procedure for obtaining that consent. To the contrary, "[t]he Federal Foreclosure Bar cloaks the FHFA's 'property with Congressional protection unless or until the FHFA affirmatively relinquishes it,'" and "'the Federal Foreclosure Bar does not require the FHFA to actively resist foreclosure.'"[29] Based on this feature of the Federal Foreclosure Bar, the Nevada Supreme Court has expressly rejected the argument that the agency's or Fannie Mae's inaction can be construed as consent.[30]

The Trust's remaining arguments against summary judgment on the Federal Foreclosure Bar theory fail as a matter of law. Its assertions that its purported status as a bona fide or innocent purchaser changes the analysis and that Nevada's statutes required Fannie Mae's interest to appear in the property records, are grounded in the notion that Fannie Mae should—and could—have easily recorded its interest.[31] But the Ninth Circuit has held that Fannie Mae has no such obligation to keep its Federal Foreclosure Bar defense. The deed of trust is a recorded lien interest, and "HERA does not require that potential buyers received notice of FHFA's or [Fannie Mae's] interests in properties whose sales are prevented by the Federal

---

[28] ECF No. 40 at 19–20.

[29] *Saticoy Bay LLC Series 9641 Christine View v. Fed. Nat'l Mortg. Ass'n*, 417 P.3d 363, 368 (Nev. 2018) (quoting *Berezovsky*, 869 F.3d at 929). The Trust argues that the *Christine View* case is distinguishable because Fannie Mae's deed on the Christine View property was recorded. ECF No. 40 at 16. But the recorded nature of that interest did not factor into the Court's holding in this regard, *see Christine View*, 417 P.2d at 368. And the Ninth Circuit has held that "the absence of [Fannie Mae's name] in the mortgage loans' local recording documents at the time of the HOA sales" does not invalidate that interest or prevent Fannie Mae from invoking the Federal Foreclosure Bar. *See Fed. Home Loan Mortg. Corp. v. SFR Invs. Pool 1 LLC ("Nevada New Builds")*, 893 F.3d 1136, 1149 (9th Cir. 2018); *Berezovsky*, 869 F.3d at 932–33.

[30] *Christine View*, 417 P.3d at 368.

[31] ECF No. 40 at 3–8, 10–11, 14, 17–18; ECF No. 28 at 3–5, 8–10, 14–18.

Foreclosure Bar."[32]  "Nevada law . . . recognizes that, in an agency relationship" like the one Fannie Mae has demonstrated here, "a note owner remains a secured creditor with a property interest in the collateral even if the recorded deed of trust names only the owner's agent."[33]  So Fannie Mae's name need not be on a recorded deed of trust for that interest to be "valid and enforceable under Nevada law."[34]

The Trust's contention that the sale is "presumed valid" against Fannie Mae by operation of NRS 116.31166[35] fails under the Nevada Supreme Court's holding in *Shadow Wood HOA v. New York Community Bancorp*.  It is true that NRS 116.31166 states that certain "recitals in a deed . . . are conclusive proof of the matters recited."[36]  But in *Shadow Wood*, the Court explained that "the recitals made conclusive by operation of NRS 116.31166 implicate compliance only with the statutory prerequisites to foreclosure"[37] like timely mailing, posting, and recording of notices of sale.  Nothing in NRS 116.31166 addresses the Federal Foreclosure Bar; if it did, it would likely be preempted just as NRS 116.3116 is.

The remainder of the Trust's arguments require me to ignore or pervert the holding of *Berezovsky*, which I decline to do.  I conclude that *Berezovsky* provides the applicable legal principles for Fannie Mae's Federal Foreclosure Bar theory, that I am bound by those principles, and that Fannie Mae has shown through unrefuted evidence that it is entitled to summary

---

[32] *Nevada New Builds*, 893 F.3d at 1151.
[33] *Berezovsky*, 869 F.3d at 932–33.
[34] *Id*. at 922.
[35] ECF No. 40 at 2–3, ECF No. 28 at 2–3.
[36] Nev. Rev. Stat. § 116.31166.
[37] *Shadow Wood*, 366 P.3d at 1112.

judgment on its quiet-title claim based on this theory. So, I grant summary judgment in favor of Fannie Mae and Ditech on their Federal Foreclosure Bar claim, and declare that 12 U.S.C. § 4617(j)(3) prevented the 2015 foreclosure sale from extinguishing the first deed of trust.

**B.     The Trust's Motion to Dismiss [ECF No. 28]**

Although the Trust has failed to offer any argument in its motion to dismiss or opposition to the motion for summary judgment that pierces the shield created by the Federal Foreclosure Bar, the Trust has demonstrated that Fannie Mae's other quiet-title theory—that the statutory foreclosure scheme was unconstitutional—fails as a matter of law. This theory is pled based on the Ninth Circuit's 2016 ruling in *Bourne Valley Court Trust v. Wells Fargo Bank* that the version of Chapter 116 under which this foreclosure sale was conducted "facially violated mortgage lenders' constitutional due process rights."[38] But *Bourne Valley* assumed an interpretation of Chapter 116 that the Nevada Supreme Court has since rejected,[39] and the Ninth Circuit has expressly acknowledged that *Bourne Valley* is no longer good law.[40] Fannie Mae's claim based on this due-process-violation theory thus fails as a matter of law, so I grant the Trust's motion to dismiss it for failure to state a claim for relief.[41]

**Conclusion**

IT IS THEREFORE ORDERED that Resources Group, LLC as Trustee of the Reber Dr. Trust's Renewed Motion to Dismiss Amended Complaint **[ECF No. 28] is GRANTED in part; plaintiffs' second cause of action (Quiet Title and Declaratory Relief Under Amendments V**

---

[38] ECF No. 8 at 3 (*quoting Bourne Valley Court Trust v. Wells Fargo Bank*, 832 F.3d 1154, 1160 (9th Cir. 2016)).

[39] *SFR Investments Pool 1, LLC v. Bank of New York Mellon*, 422 P.3d 1248, 1253 (Nev. 2018).

[40] *Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n*, 920 F.3d 620, 624 (9th Cir. 2019).

[41] *See* ECF No. 28 at 12–14.

and XIV to the United States Constitution and Under the Nevada Constitution") is **DISMISSED with prejudice;**

**IT IS FURTHER ORDERED** that Fannie Mae's Motion for Summary Judgment **[ECF No. 36] is GRANTED in part;** summary judgment is entered in favor of Ditech Financial LLC and the Federal National Mortgage Association on their first cause of action (Quiet Title and Declaratory Relief Under 12 U.S.C. § 4617(j)(3)).

And with good cause appearing and no reason to delay, **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Clerk of Court is directed to **ENTER FINAL JUDGMENT** in favor of Ditech Financial LLC and the Federal National Mortgage Association **DECLARING** that:

> the Deed of Trust for this property, recorded as Instrument # 200608010000495 in the real property records of Clark County, Nevada on 8/1/06 was not extinguished by the 3/18/15 foreclosure sale

and CLOSE THIS CASE.

Dated: June 19, 2019

_____
U.S. District Judge Jennifer A. Dorsey